IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

SEP 08 2026

Nathan Ochsner, Clerk of Court

SHAUN NICHOLAS ST. JOHN,

Plaintiff,

v.

MONTGOMERY COUNTY SHERIFF'S OFFICE;

MONTGOMERY COUNTY SHERIFF;

MONTGOMERY COUNTY JAIL AND ITS DETENTION OFFICERS;

UNITED STATES MARSHALS OPERATING IN THE CONROE, TEXAS AREA;

CONROE POLICE DEPARTMENT;

CITY OF CONROE, TEXAS;

MONTGOMERY COUNTY, TEXAS;

MONTGOMERY COUNTY DISTRICT ATTORNEY'S OFFICE,

359TH DISTRICT COURT OF MONTGOMERY COUNTY, TEXAS,

AND OTHER UNKNOWN OFFICERS AND AGENTS,

Defendants.

Civil Action No. 26 CV 7498

COMPLAINT FOR DAMAGES UNDER 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 AND 18 U.S.C. § 1962

Plaintiff, appearing pro se, files this civil-rights complaint under 42 U.S.C. §§ 1983, 1985, 1986, 1981, 1982, and 18 U.S.C. §§ 1961–1964 (RICO), and alleges the following.

## I. INTRODUCTION

Plaintiff brings this civil rights action to redress unlawful arrests, unlawful detentions, unlawful entries, excessive force, denial of medical care, malicious prosecution, Brady and Berger violations, conspiratorial acts, failures to intervene, supervisory failures, municipal failures, judicial failures, and racketeering activities committed under color of state and federal law. Plaintiff was never convicted of any crime, was never shown any judicial warrant, and was detained without lawful authority on two separate occasions.

Plaintiff further alleges that the 359th District Court of Montgomery County, Texas deprived Plaintiff of constitutional rights by failing to dismiss Plaintiff's criminal matters despite the absence of jurisdiction under Article III, Section 2 of the United States Constitution. Plaintiff alleges that the 359th District Court failed to address jurisdiction when challenged, failed to dismiss Plaintiff's matters despite recalled warrants, and failed to act despite clear civil rights violations.

Plaintiff seeks damages under controlling Fifth Circuit authority, including Douthit v. Jones, which holds that detention without lawful authority violates the Constitution and is actionable under 42 U.S.C. § 1983. Plaintiff also cites Trezevant v. City of Tampa as persuasive authority for damages calculations arising from unlawful detention.

## II. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, and 18 U.S.C. § 1962. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts federal questions and civil rights claims. Venue is proper in the Southern District of Texas, Houston Division, because all events giving rise to this action occurred in Montgomery County, Texas, which lies within this District.

## III. PARTIES

Plaintiff is a resident of Montgomery County, Texas.

The Montgomery County Sheriff's Office is a governmental entity acting under color of state law.

The Montgomery County Sheriff is responsible for the policies, customs, supervision, training, and conduct of deputies and detention officers.

The Montgomery County Jail and its detention officers are employees of the Montgomery County Sheriff's Office and acted under color of state law.

The United States Marshals operating in the Conroe, Texas area acted under color of federal law.

The Conroe Police Department is a municipal police force operating under the authority of the City of Conroe.

The City of Conroe is a municipal corporation responsible for the policies, customs, supervision, training, and conduct of the Conroe Police Department.

Montgomery County, Texas is responsible for the policies, customs, supervision, training, and conduct of the Sheriff's Office, Jail, and District Attorney's Office.

The Montgomery County District Attorney's Office acted under color of state law.

The 359th District Court of Montgomery County, Texas acted under color of state law and deprived Plaintiff of constitutional rights by failing to dismiss Plaintiff's matters despite lack of jurisdiction, failing to address jurisdiction when challenged, and failing to act despite recalled warrants and civil rights violations.

Other unknown officers and agents acted under color of state and federal law.

## IV. FACTUAL BACKGROUND

On June 22, 2026, the Montgomery County Clerk issued an official recall of warrants numbered 26-405282 and 26-405285. The document states, "PLEASE RECALL THE FOLLOWING WARRANT(S)" and "WARRANT(S) RECALLED: YES," and was filed on June 26, 2026 at 10:41:39 a.m. A true and correct copy of this recall notice is attached as Exhibit A.

Despite the recall, Plaintiff was arrested on July 14, 2026 without any active warrant. Plaintiff was not convicted of any crime and was not subject to any lawful restraint.

A. The May 22, 2026 Incident

On May 22, 2026, Plaintiff and his minor daughter were stopped by officers of the Conroe Police Department. Plaintiff truthfully informed officers that he was not the driver of the vehicle during the alleged hit-and-run incident. Plaintiff's minor daughter admitted directly to Officer Bell that she was the driver. This admission occurred before Plaintiff was seized, forced to the ground, handcuffed, or arrested.

Despite possessing dispositive exculpatory evidence, officers escalated the encounter. Officer Villanueva attempted to conduct a pat-down search of Plaintiff even though Plaintiff had not been arrested, had not been accused of a violent crime, had displayed no threatening behavior, and had provided no lawful basis for a frisk. Plaintiff exercised his constitutional right to refuse an unlawful pat-down and verbally requested to speak with the chief of police.

During this time, Plaintiff began experiencing symptoms of cardiac distress. Plaintiff suffers from stage-three heart failure and recognized the onset of a medical emergency. Plaintiff attempted to walk toward his vehicle to retrieve his working phone so that he could record the encounter and to retrieve nitroglycerin pills stored inside the vehicle to treat his heart condition. Plaintiff was not under arrest, had not been detained lawfully, and retained full constitutional rights to access his own property and obtain necessary medical medication.

As Plaintiff moved toward his vehicle, Officers Vaughn and Gerrard suddenly grabbed Plaintiff without warning. Plaintiff did not threaten the officers, did not interfere with any investigation, and did not obstruct any official duty. Plaintiff was experiencing a medical emergency and attempting to retrieve life-saving medication. Despite this, the officers violently seized Plaintiff, pulled him backward, and threw him to the ground. Plaintiff's right knee struck the concrete curb with significant force, causing immediate pain and injury.

Plaintiff was then forcibly restrained, handcuffed, and prevented from accessing his medication.

The officers' actions caused Plaintiff to suffer chest pain and triggered an acute cardiac emergency. Plaintiff repeatedly informed officers that he was experiencing heart failure. Officer Villanueva eventually recognized the seriousness of Plaintiff's medical condition and called for emergency medical services. Plaintiff was transported by ambulance to HCA Conroe Regional Medical Center, where he was treated for heart failure. Plaintiff was released at approximately 11:30 p.m. that night without charges.

More than one month later, the Montgomery County District Attorney's Office fabricated criminal charges based on an affidavit executed by Investigator Amy McCorkle. The affidavit contained double-hearsay, material omissions, misrepresentations, and suppressed exculpatory evidence. Investigator McCorkle admitted she had no personal knowledge of any facts and relied solely on Detective Adams's report. The DA's Office knowingly filed charges despite the juvenile's admission, the absence of probable cause, the unconstitutional seizure, the excessive force, the medical emergency, and the parental-rights violations. The filing of charges more than a month after the incident constitutes retaliation, malicious prosecution, and violations of Brady, Giglio, Franks, and the Due Process Clause of the Fourteenth Amendment.

B. The July 14, 2026 Incident

On July 14, 2026, Plaintiff appeared at the office of Judge Trey Spikes for a scheduled hearing on a speeding ticket. Plaintiff prevailed in the case. After the hearing concluded, deputies of the Montgomery County Sheriff's Office approached Plaintiff and informed him that he had an active warrant for his arrest. Plaintiff immediately informed the deputies that the warrants had been recalled and showed them the recall notice on his phone. The deputies refused to acknowledge the recall and insisted that Plaintiff was subject to arrest.

The stress and shock of being confronted with an arrest based on a recalled warrant caused Plaintiff to experience acute cardiac distress. Plaintiff collapsed and went into active heart failure inside the courthouse. Emergency medical services were summoned,

and Plaintiff was transported by ambulance from Judge Spikes's courtroom to HCA Conroe Regional Medical Center.

Upon arrival at the hospital, Plaintiff was admitted for treatment of heart failure. Despite Plaintiff being in active cardiac distress and under the care of hospital medical staff, deputies from the Montgomery County Sheriff's Office and jail personnel continued to treat Plaintiff as though he were subject to a valid arrest warrant. These deputies entered Plaintiff's hospital room, restrained him, and attempted to handcuff him to the hospital bed. Plaintiff informed them repeatedly that the warrant had been recalled and that he was experiencing a medical emergency.

While Plaintiff was lying in a hospital bed, admitted for heart failure, Montgomery County jail staff deputies tased Plaintiff in the leg. Plaintiff was tased while connected to medical equipment, while experiencing cardiac distress, and while under the care of hospital personnel. Deputies also struck Plaintiff, forcibly restrained him, and attempted to handcuff him to the bed. Plaintiff was tased and beaten while in active heart failure, despite having shown deputies the warrant recall notice and despite the absence of any lawful basis for arrest or detention.

Plaintiff was kidnapped, falsely imprisoned, and unlawfully detained in the hospital by deputies acting under color of authority derived from warrants that had already been recalled. Plaintiff remained unlawfully detained until July 17, 2026 at approximately 2:00 a.m. No warrant was ever produced.

C. The August 10–27, 2026 Incident

On August 10, 2026 at approximately 11:30 a.m., Plaintiff was inside his residence located at 2007 Brookmont Drive in Conroe, Texas. Plaintiff's front door was locked. Without presenting any warrant authorizing entry, without knocking, and without announcing lawful authority, United States Marshals operating in the Conroe area, together with officers of the Conroe Police Department, forcibly breached Plaintiff's locked front door. The forced entry shattered the structural integrity of the door, destroyed the door frame, and rendered the locking mechanism inoperable. Plaintiff's front door is a large, custom-sized

residential door, and the cost to replace the door and frame is approximately six thousand five hundred dollars. This damage was caused solely by Defendants' unlawful forced entry.

After breaching the front door, officers entered Plaintiff's home without a warrant, without consent, and without exigent circumstances. Officers then entered Plaintiff's fenced backyard, which constitutes the curtilage of the home, without any warrant authorizing entry into that protected area. Plaintiff repeatedly demanded to see the warrant for his arrest. Officers refused to present any warrant inside the home, refused to present any warrant in the police vehicle, and refused to present any warrant at the Montgomery County Jail. Plaintiff was arrested and transported to the jail without ever being shown a warrant.

Plaintiff remained unlawfully detained from August 10, 2026 until August 27, 2026 at approximately 2:00 a.m., when he was finally released. During this seventeen-day unlawful detention, Plaintiff repeatedly collapsed, lost consciousness, and suffered cardiac distress. Plaintiff suffers from stage-three heart failure and required medical intervention. Jail staff refused hospital transport, refused to provide medical care, and ignored Plaintiff's repeated pleas for assistance. Plaintiff's medical condition deteriorated significantly due to deliberate indifference by Montgomery County Jail personnel.

The unlawful detention from August 10 until August 27 constitutes a violation of clearly established law under Douthit v. Jones, which holds that detention without lawful authority violates the Constitution and is actionable under 42 U.S.C. § 1983. Plaintiff was detained for seventeen days without any lawful warrant, without probable cause, and without judicial authorization. Under persuasive authority Trezevant v. City of Tampa, Plaintiff's seventeen-day unlawful detention constitutes a compensable injury for which damages must be awarded. Plaintiff was released at approximately 2:00 a.m. on August 27, 2026, and this timestamp is essential for calculating damages arising from the unlawful detention.

Plaintiff also incorporates the July 14–17, 2026 unlawful detention into the damages calculation. Plaintiff was unlawfully detained beginning on July 14, 2026 based on recalled

warrants and was released at approximately 2:00 a.m. on July 17, 2026. This constitutes a three-day unlawful detention. Under Douthit v. Jones, this detention was without lawful authority. Under Trezevant v. City of Tampa, Plaintiff's three-day detention constitutes a compensable injury for which damages must be awarded.

V. CLAIMS FOR RELIEF

Plaintiff alleges that Defendants interfered with Plaintiff's right to equal benefit of the laws and equal protection of the laws by unlawfully detaining Plaintiff without a warrant, using excessive force, and denying medical care.

Plaintiff alleges that Defendants interfered with Plaintiff's property rights by unlawfully breaching Plaintiff's locked front door and fenced backyard without any warrant, thereby damaging Plaintiff's home.

Plaintiff alleges that Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by unlawfully arresting and detaining Plaintiff without any warrant, using excessive force, denying medical care, engaging in malicious prosecution, and failing to dismiss Plaintiff's matters despite lack of jurisdiction.

Plaintiff alleges that Defendants conspired to deprive Plaintiff of equal protection of the laws by coordinating unlawful arrests, unlawful entries, concealment of warrant status, suppression of exculpatory evidence, and judicial inaction.

Plaintiff alleges that Defendants had knowledge of the conspiracy described above and failed to prevent it.

Plaintiff alleges that Defendants engaged in a pattern of racketeering activity, including unlawful arrest, unlawful detention, falsification of records, concealment of warrant status, suppression of exculpatory evidence, denial of medical care, judicial inaction, and coordinated misconduct across agencies.

Plaintiff alleges that the City of Conroe and Montgomery County maintained policies, customs, and practices that caused the constitutional violations described herein,

including failure to train, failure to supervise, and deliberate indifference to constitutional rights.

Plaintiff alleges that supervisory officials knew of the unlawful conduct and failed to prevent it.

Plaintiff alleges that officers present during the unlawful arrest, unlawful entry, excessive force, denial of medical care, and judicial inaction failed to intervene.

Plaintiff alleges that the 359th District Court deprived Plaintiff of constitutional rights by failing to dismiss Plaintiff's matters despite lack of jurisdiction under Article III, Section 2, failing to address jurisdiction when challenged, and failing to act despite recalled warrants and civil rights violations.

V-A. RICO AND FEDERAL LAW VIOLATIONS BY EACH DEFENDANT

Plaintiff alleges that all Defendants named in this action engaged in, participated in, or aided and abetted a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961 and 1962. The racketeering activity consists of repeated acts of unlawful arrest, unlawful detention, falsification of records, concealment of warrant status, suppression of exculpatory evidence, denial of medical care, unlawful entry into Plaintiff's home and curtilage, judicial inaction in the face of recalled warrants, and coordinated misconduct across agencies.

Plaintiff alleges that the Montgomery County Sheriff's Office and the Montgomery County Sheriff violated 42 U.S.C. § 1983 by unlawfully arresting and detaining Plaintiff without any active warrant, using excessive force, denying medical care, and enforcing recalled warrants in violation of the Fourth and Fourteenth Amendments. Plaintiff alleges that these defendants also violated 42 U.S.C. §§ 1981 and 1982 by depriving Plaintiff of equal benefit of the laws and interfering with Plaintiff's property rights, and violated 42 U.S.C. §§ 1985 and 1986 by conspiring to deprive Plaintiff of equal protection and failing to prevent the conspiracy.

Plaintiff alleges that the Montgomery County Jail and its detention officers violated 42 U.S.C. § 1983 by unlawfully detaining Plaintiff, tasing and beating Plaintiff while in active heart failure, denying medical care, and acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Fourth, Eighth, and Fourteenth Amendments. Plaintiff alleges that these defendants also violated 42 U.S.C. §§ 1981, 1982, 1985, and 1986 by participating in the conspiracy to unlawfully detain Plaintiff and failing to prevent ongoing constitutional violations.

Plaintiff alleges that the United States Marshals operating in the Conroe, Texas area violated 42 U.S.C. § 1983 (as incorporated through Bivens-type liability) and 42 U.S.C. §§ 1981 and 1982 by forcibly breaching Plaintiff's locked front door without a warrant, entering Plaintiff's home and fenced backyard without judicial authorization, and participating in the unlawful arrest and detention of Plaintiff. Plaintiff alleges that these federal officers engaged in racketeering activity under 18 U.S.C. § 1962(c) by coordinating with local agencies to enforce recalled warrants, conceal the absence of lawful authority, and inflict physical and economic harm on Plaintiff.

Plaintiff alleges that the Conroe Police Department and the City of Conroe violated 42 U.S.C. § 1983 by unlawfully seizing Plaintiff on May 22, 2026, using excessive force, denying Plaintiff access to life-saving medication, fabricating charges based on an affidavit lacking personal knowledge, and failing to train and supervise officers in constitutional arrest and detention procedures. Plaintiff alleges that these defendants violated 42 U.S.C. §§ 1981 and 1982 by interfering with Plaintiff's equal benefit of the laws and property rights, and violated 42 U.S.C. §§ 1985 and 1986 by participating in and failing to prevent the conspiracy to unlawfully arrest and detain Plaintiff. Plaintiff alleges that the City of Conroe is liable under Monell for maintaining policies, customs, and practices that caused the constitutional violations described herein.

Plaintiff alleges that Montgomery County, Texas and the Montgomery County District Attorney's Office violated 42 U.S.C. § 1983 by fabricating charges against Plaintiff, suppressing exculpatory evidence in violation of Brady v. Maryland and Giglio v. United

States, relying on an affidavit based on double-hearsay and material omissions in violation of Franks v. Delaware, and continuing prosecution despite recalled warrants and the absence of probable cause. Plaintiff alleges that these defendants violated 42 U.S.C. §§ 1981, 1982, 1985, and 1986 by depriving Plaintiff of equal protection, interfering with Plaintiff's property rights, conspiring to maintain unlawful charges, and failing to prevent ongoing constitutional violations. Plaintiff alleges that Montgomery County is liable under Monell for maintaining policies, customs, and practices that caused these violations.

Plaintiff alleges that the 359th District Court of Montgomery County, Texas violated 42 U.S.C. § 1983 by depriving Plaintiff of constitutional rights under Article III, Section 2 of the United States Constitution, failing to dismiss Plaintiff's matters despite recalled warrants, failing to address jurisdiction when challenged, and failing to act despite clear civil rights violations. Plaintiff further alleges that the 359th District Court accepted and maintained fabricated felony charges against Plaintiff, including Assault on a Public Servant (F3) Retaliation (F3), and Retaliation (F3) even though Plaintiff was physically incapable of committing any assault or retaliation at the time alleged.

On July 14, 2026, Plaintiff was in the hospital experiencing active stage-three heart failure. Plaintiff had collapsed inside Judge Trey Spikes's courtroom after deputies attempted to arrest him on recalled warrants. Plaintiff was transported by ambulance to HCA Conroe Regional Medical Center, admitted for cardiac distress, and connected to medical equipment. While Plaintiff lay in a hospital bed under medical duress, Montgomery County Sheriff's Office jail personnel entered the hospital room, restrained Plaintiff, tased Plaintiff in the leg, struck Plaintiff, and attempted to handcuff Plaintiff to the hospital bed. Plaintiff did not resist, did not threaten any officer, and did not engage in any physical conduct that could constitute assault or retaliation. Plaintiff was in cardiac distress, under medical care, and physically incapable of committing any violent act.

Despite these facts, jail personnel fabricated felony charges alleging that Plaintiff assaulted a public servant and retaliated against a public servant. These charges were manufactured to conceal the excessive force used against Plaintiff while he was in active

heart failure and to justify the unlawful kidnapping and false imprisonment that occurred in the hospital. The fabricated charges were then forwarded to the Montgomery County District Attorney's Office, which knowingly pursued them despite the recalled warrants, the absence of probable cause, the medical records showing Plaintiff's cardiac condition, and the physical impossibility of Plaintiff committing any assault while restrained in a hospital bed.

The 359th District Court accepted these fabricated charges, placed them on its docket, and failed to dismiss them despite Plaintiff's repeated assertions of lack of jurisdiction, recalled warrants, and medical evidence proving Plaintiff's incapacity. The Court's refusal to dismiss fabricated charges arising from recalled warrants constitutes judicial misconduct and participation in the racketeering pattern alleged under 18 U.S.C. § 1962(c). The Court's acceptance of charges that were physically impossible for Plaintiff to commit demonstrates deliberate indifference to Plaintiff's constitutional rights and constitutes a violation of the Due Process Clause of the Fourteenth Amendment.

Plaintiff alleges that the 359th District Court's actions, including accepting fabricated felony charges, failing to dismiss matters based on recalled warrants, and refusing to address jurisdiction when challenged, constitute participation in the enterprise described in this complaint and further the pattern of racketeering activity alleged under 18 U.S.C. § 1962(c) and (d). Plaintiff alleges that the Court's conduct deprived Plaintiff of liberty, due process, equal protection, and access to a fair tribunal, and directly contributed to Plaintiff's unlawful detention, physical injury, emotional injury, and economic injury.

Plaintiff alleges that all unknown officers and agents named in this complaint violated 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986 by participating in unlawful arrests, unlawful detentions, unlawful entries, excessive force, denial of medical care, suppression of exculpatory evidence, concealment of warrant status, and judicial inaction. Plaintiff alleges that these unknown defendants engaged in racketeering activity under 18 U.S.C. § 1962(c) by coordinating with known defendants to enforce recalled warrants, fabricate criminal authority, and inflict physical, emotional, and economic harm on Plaintiff.

Plaintiff alleges that the pattern of conduct described in this complaint, including the May 22, 2026 unlawful seizure and fabrication of charges, the July 14–17, 2026 unlawful detention based on recalled warrants, and the August 10–27, 2026 unlawful forced entry, property destruction, and detention, constitutes a pattern of racketeering activity under 18 U.S.C. §§ 1961 and 1962. Plaintiff alleges that all Defendants are liable under 18 U.S.C. § 1962(c) and (d) for conducting or participating in the conduct of an enterprise through a pattern of racketeering activity and for conspiring to do so.

VI. DAMAGES

Plaintiff seeks damages under Douthit v. Jones and persuasive authority Trezevant v. City of Tampa.

Plaintiff was unlawfully detained for three days from July 14, 2026 until his release on July 17, 2026 at approximately 2:00 a.m., and for seventeen days from August 10, 2026 at approximately 11:30 a.m. until his release on August 27, 2026 at approximately 2:00 a.m.

Applying Trezevant's rate of one million eight hundred thousand dollars per day, Plaintiff seeks five million four hundred thousand dollars for the July detention and thirty million six hundred thousand dollars for the August detention, for a total of thirty-six million dollars in unlawful detention damages.

Plaintiff seeks punitive damages, compensatory damages, emotional distress damages, medical neglect damages, property damage compensation for the destroyed front door, treble damages under RICO, and attorney's fees under 42 U.S.C. § 1988.

VII. PRAYER FOR RELIEF

Plaintiff respectfully requests judgment against all Defendants for compensatory damages, punitive damages, treble damages under RICO, attorney's fees, costs, and all relief the Court deems just and proper.

VIII. JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

Shaun Nicholas St John

Shaun Nicholas St. John

2007 Brookmont Drive

Conroe, Texas 77301

Phone: 832-906-0083

Email: aikman1892@gmail.com

Date: 9/8/2026

VERIFICATION

I, Shaun Nicholas St. John, am the Plaintiff in this action. I have read the foregoing Complaint for Damages under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 and 18 U.S.C. § 1962, and I verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge, information, and belief.

I further verify that Exhibit A, the Montgomery County Clerk's recall notice stating "PLEASE RECALL THE FOLLOWING WARRANT(S)" and "WARRANT(S) RECALLED: YES," is a true and correct copy of the document filed on June 26, 2026 at 10:41:39 a.m.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8 day of September, 2026, in Montgomery County, Texas.

Shaun Nicholas St. John

Shaun Nicholas St. John

2007 Brookmont Drive

Conroe, Texas 77301

NOTARY PUBLIC JURAT

State of Texas County of Montgomery

Subscribed and sworn to before me on this 8 day of September, 2026, by Shaun Nicholas St. John, who personally appeared before me and proved his identity to my satisfaction.

Signature of Notary Public

Printed Name of Notary Public Michelle Lopez Dominguez

My Commission Expires: 06-30-2029

MICHELLE LOPEZ DOMINGUEZ
Notary Public, State of Texas
Comm. Expires 06-30-2029
Notary ID 135522137

EXHIBIT A – WARRANT RECALL NOTICE

FILED FOR RECORD
06/26/2026 10:41:39 AM
L. BRANDON STEINMANN
COUNTY CLERK
MONTGOMERY COUNTY, TEXAS
Sanchez, Anna

THE STATE OF TEXAS
Montgomery County

# Montgomery County Clerk's Office
## Criminal Misdemeanor
## 210 W. Davis, Conroe, TX 77301

## PLEASE RECALL THE FOLLOWING WARRANT(S)

**DATE: 6/22/2026**

**RECALLING AGENCY: Montgomery County Clerk**

**RECALLING CLERK: Anna Sanchez**

| *Warrant(s)* | *Name* | *Warrant Type* | *Date Issued* | *DOB* |
|---|---|---|---|---|
| 26-405282 | SHAUN NICHOLAS STJOHN | CAPIAS | 06/17/26 | 9/21/1983 |
| 26-405285 | SHAUN NICHOLAS STJOHN | CAPIAS | 06/17/26 | 09/21/1983 |
| | | | | |
| | | | | |

**MCSO CLERK** HOLLEE BLAKENEY

**WARRANT(S) RECALLED**
☑ **YES** ☐ **NO**

**COMMENTS:**

AFFIDAVIT OF SHAUN NICHOLAS ST. JOHN

I, Shaun Nicholas St. John, being duly sworn, hereby state under penalty of perjury that the following facts are true and correct to the best of my knowledge, information, and belief.

I am the Plaintiff in the above-captioned matter. I submit this affidavit in support of my federal civil rights complaint and the relief requested therein. I am a resident of Montgomery County, Texas, and all events described in this affidavit occurred within Montgomery County.

On May 22, 2026, I was unlawfully seized, assaulted, and denied medical care by officers of the Conroe Police Department. During this incident, I truthfully informed officers that I was not the driver of the vehicle involved in the alleged hit-and-run. My minor daughter admitted directly to Officer Bell that she was the driver. Despite possessing this exculpatory evidence, officers escalated the encounter. I began experiencing cardiac distress due to stage-three heart failure and attempted to walk to my vehicle to retrieve my working phone and nitroglycerin pills. I was not under arrest and had the right to access my own property and obtain life-saving medication. As I moved toward my vehicle, officers violently seized me, threw me to the ground, and caused my right knee to strike the concrete curb. I suffered chest pain and went into active heart failure. I was transported by ambulance to HCA Conroe Regional Medical Center and released later that night without charges. More than a month later, the Montgomery County District Attorney's Office fabricated criminal charges based on an affidavit containing double-hearsay, omissions, misrepresentations, and suppressed exculpatory evidence. These fabricated charges were used to justify later unlawful arrests and detentions.

On June 22, 2026, the Montgomery County Clerk issued an official recall of warrants numbered 26-405282 and 26-405285. The recall notice states, "PLEASE RECALL THE FOLLOWING WARRANT(S)" and "WARRANT(S) RECALLED: YES," and was filed on June 26, 2026 at 10:41:39 a.m. This recall notice is attached to my complaint as Exhibit A.

Despite the recall, on July 14, 2026, after appearing in Judge Trey Spikes's courtroom for a speeding citation that was resolved in my favor, deputies from the Montgomery County

Sheriff's Office confronted me and claimed I had an active warrant. I produced the recall notice issued by the Montgomery County Clerk, yet the deputies disregarded it and attempted to arrest me. The stress of being confronted with an arrest based on recalled warrants caused me to collapse into active heart failure inside the courthouse. I was transported by ambulance to HCA Conroe Hospital and admitted for cardiac distress.

While I was lying in a hospital bed under medical duress, Montgomery County Sheriff's Office detention officers entered my hospital room, restrained me, tased me in the left leg, struck me, and attempted to handcuff me to the bed. I never resisted, threatened, or struck any officer. I was physically incapable of committing any assault or retaliation because I was in active heart failure, connected to medical equipment, and under the care of hospital staff. Despite this, jail personnel fabricated felony charges against me, including Assault on a Public Servant (F3) and Retaliation (F3), to conceal their excessive force and kidnapping while enforcing recalled warrants. I remained unlawfully detained until July 17, 2026 at approximately 2:00 a.m. No warrant was ever produced.

On August 10, 2026 at approximately 11:30 a.m., United States Marshals operating in the Conroe area, together with Conroe Police Department officers, forcibly breached my locked front door without any warrant authorizing entry. My front door is a large, custom-sized residential door. The forced entry destroyed the door, the door frame, and the locking mechanism. The cost to replace the door and frame is approximately $6,500. Officers then entered my fenced backyard without any warrant authorizing entry into the curtilage of my home. I was arrested without any warrant being shown to me. No arrest warrant, search warrant, or entry warrant was produced by the United States Marshals or the Conroe Police Department at any time before or after the arrest.

After I was placed in a Conroe Police Department vehicle, I again requested to see the warrant. None was produced. I was transported to the Montgomery County Jail, where Montgomery County Sheriff's Office detention officers likewise refused to produce any warrant. I repeatedly requested to see the warrant authorizing my arrest, the warrant authorizing entry into my home, and the warrant authorizing entry into my fenced backyard.

No warrant was ever produced during the entire period of confinement from August 10, 2026 until August 27, 2026 at approximately 2:00 a.m.

During this detention, I was denied access to a medical doctor despite suffering from stage-three heart failure, a kidney mass, and severe spinal conditions. I repeatedly collapsed, blacked out, and experienced dangerously high blood pressure. Jail staff refused hospital transport. I was never convicted of any crime during either detention.

I challenged jurisdiction in the 359th District Court of Montgomery County, Texas, asserting that under Article III, Section 2 of the United States Constitution, the State of Texas being named as a party required jurisdiction to be established before any proceedings could continue. The 359th District Court failed to address jurisdiction, failed to dismiss my matters, and failed to act despite recalled warrants and civil rights violations. The Court accepted fabricated felony charges that were physically impossible for me to commit and maintained them despite medical evidence proving my incapacity.

I further state that I have experienced ongoing harm, including fear of additional warrantless entry, unlawful surveillance, and physical danger due to my medical conditions. I have observed surveillance activity around my home and neighborhood, including Flock camera tracking and drone activity, without any judicial authorization or lawful basis. These actions have caused continuing harm to my health, safety, privacy, and constitutional rights.

I state that all Defendants engaged in violations of federal law, including violations of 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments, violations of Brady v. Maryland, Giglio v. United States, Franks v. Delaware, and violations of 18 U.S.C. §§ 1961–1962 (RICO) through a coordinated pattern of racketeering activity involving unlawful arrest, unlawful detention, falsification of records, suppression of exculpatory evidence, concealment of warrant status, denial of medical care, judicial inaction, and coordinated misconduct across agencies.

I make this affidavit voluntarily, based on my personal knowledge, and for use in the above-captioned federal matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of ________________, 2026, in Montgomery County, Texas.

______________________________

Shaun Nicholas St. John

Shaun Nicholas St. John

2007 Brookmont Drive

Conroe, Texas 77301

Aikman1892@gmail.com

832-906-0083

NOTARY PUBLIC JURAT

State of Texas County of Montgomery

Subscribed and sworn to before me on this 8 day of September, 2026, by Shaun Nicholas St. John, who personally appeared before me and proved his identity to my satisfaction.

Signature of Notary Public

Printed Name of Notary Public

MICHELLE LOPEZ DOMINGUEZ
Notary Public, State of Texas
Comm. Expires 06-30-2029
Notary ID 135522137

My Commission Expires: 06-30-2029

FILED FOR RECORD
06/26/2026 10:41:39 AM
L. BRANDON STEINMANN
COUNTY CLERK
MONTGOMERY COUNTY, TEXAS
Sanchez, Anna

# Montgomery County Clerk's Office
## Criminal Misdemeanor
## 210 W. Davis, Conroe, TX 77301

## PLEASE RECALL THE FOLLOWING WARRANT(S)

**DATE: 6/22/2026**

**RECALLING AGENCY: Montgomery County Clerk**

**RECALLING CLERK: Anna Sanchez**

| *Warrant(s)* | *Name* | *Warrant Type* | *Date Issued* | *DOB* |
|---|---|---|---|---|
| 26-405282 | SHAUN NICHOLAS STJOHN | CAPIAS | 06/17/26 | 9/21/1983 |
| 26-405285 | SHAUN NICHOLAS STJOHN | CAPIAS | 06/17/26 | 09/21/1983 |
| | | | | |
| | | | | |

**MCSO CLERK** HOLLEE BLAKENEY

**WARRANT(S) RECALLED**
☑ **YES** ☐ **NO**

**COMMENTS:**